## Moore v. Moore.

(Decided May 13, 1930.)

W. O. HAYS and W. B. MORROW for appellant.

VIRGIL P. SMITH for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Affirming.

In February, 1924, a divorce was granted the appellee from the appellant on the ground of abandonment. No defense was offered by the husband, and the judgment directed that he should pay $60 a month for the maintenance of his wife and two children who were aged about one and seven years, respectively. At the time of the separation about a year before, it appears that appellant had agreed to pay that sum towards the support of his children and wife, as she contends, but for the two children only, as he contends. That is immaterial.

In October, 1928, on motion of the divorced wife, the case was redocketed and her petition for an increase in the allowance was heard by the court. Upon the evidence the allowance was increased to $90 a month, from which the husband and father appeals.

It is developed in the proof that before and since the marriage the appellee had resided in a home belonging jointly to her uncle and herself. Since the separation this uncle has maintained the wife and children except to the extent of the father's contribution of $60 a month and a small rental received by Mrs. Moore. The appellant says the wife has not devoted the sums paid by him solely for the benefit of his children and for that reason the allowance should be reduced instead of increased.

She says she has so expended it. Under the judgment she was not required to do so. It was in part allowed for her maintenance. The appellant is employed in a traveling position by a telephone company, and his duties take him to Somerset, where his children live, three or four times a year; and, although the judgment of divorce gave him the right and privilege of seeing, visiting, or having the association of his children one day in each month, the father admits that he has not seen them but once during the five years of separation. The appellant's salary and income aggregate about $285 a month. He contributes about $25 a month to the support of his mother.

The father has the natural and legal duty of maintaining his children, and by the judgment of the court now concluded, he is bound to contribute to the support of his former wife. Under the circumstances of this case the judgment of the chancellor increasing the amount of his contribution to the support of his former wife and children is reasonable and proper.

The judgment is accordingly affirmed.